IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **SUBASH THAYYULLATHIL,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No.:  4:18-cv-692-RLW |
| **INFOSYS LIMITED,** | ) ) ) |
| Defendant. | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISIMSS

Defendant Infosys Limited ("Defendant") moves this Court to dismiss Plaintiff Subash Thayyullathil's ("Plaintiff") Petition because Plaintiff has failed to exhaust his administrative remedies with regard to any claims that Defendant discriminated or retaliated against Plaintiff. Specifically, Plaintiff did not assert or allege any claims that he was discriminated or retaliated against due to his status in any alleged protected class in the Charge of Discrimination he filed with the Missouri Commission on Human Rights, other than his allegation related to his Missouri Whistleblower's Protection Act claim. Because Plaintiff's Petition fails as a matter of law, Defendant seeks a ruling that Plaintiff's Petition is dismissed insofar as it asserts any claims against Defendant other than the alleged Missouri Whistleblower's Protection Act claim.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Subash Thayyullathil ("Plaintiff") filed his Petition in the Circuit Court of St. Louis County, Missouri on March 12, 2018. Doc. 1-1 at p. 3.  On May 1, 2018, Defendant removed this case to the United States District Court for the Eastern District of Missouri. Doc. 1. Plaintiff's Petition contains allegations that he was retaliated against in violation of the Missouri Whistleblower's Protection Act. Doc. 1-1 at p. 3. Plaintiff's Petition also references violations

of the Missouri Human Rights Act § 213.055 *et seq.* ("MHRA"); however, Plaintiff does not explicitly state in his Petition whether he is pursuing a separate cause of action for discrimination or retaliation under the MHRA.  *Id.*  Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights on or about October 26, 2017 (the "Charge").  In the Charge, Plaintiff merely checked the boxes for "retaliation" and "other," with "whistle blower" handwritten underneath "other."

## II.     LEGAL STANDARD

Dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate if the plaintiff has failed to satisfy a threshold jurisdictional requirement.  *Trimble v. Asarco, Inc.*, 232 F.3d 946, 955 n.9 (8th Cir. 2000).  A dismissal for lack of subject matter jurisdiction requires that the complaint be successfully challenged on its face or on the factual truthfulness of its averments.  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  In a facial attack, the court restricts itself to the face of the pleadings, and all of the factual allegations concerning jurisdiction are presumed to be true.  *Id*.  The plaintiff bears the burden of proving that jurisdiction exists.  *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

## III.    DISCUSSION

Defendant moves this Court to dismiss Plaintiff's Petition insofar as it attempts to bring claims against Defendant under the MHRA for discrimination or retaliation, other than Plaintiff's alleged Missouri Whistleblower's Protection Act claim.  Because Plaintiff did not check the boxes on his Charge regarding any discriminatory or retaliatory conduct in connection with a protected class, Plaintiff is barred from asserting any claims other than his claim under the Missouri Whistleblower's Protection Act.

Indeed, "[u]nder the MHRA, a plaintiff must exhaust his or her administrative remedies before initiating a civil action." *Perkins v. Davis*, No. 4:14-CV-01755-SPM, 2015 WL 3572501,

at *2 (E.D. Mo. June 5, 2015).  In order to exhaust all administrative remedies, the plaintiff must give notice of all claims in the administrative charge.  *Id.* at *5.  "Generally, this means that all MHRA claims contained in a lawsuit must also have been included in a prior administrative charge."  *Id.*  Here, Plaintiff has not asserted any claims for discrimination based on a protected class, and has only asserted that he was retaliated against due to his alleged status as a "whistle blower."  Accordingly, dismissal of Plaintiff's Petition insofar as there are claims other than the Missouri Whistleblower's Protection Act is proper under Federal Rule of Civil Procedure 12(b)(1).  Any attempt by Plaintiff to now assert claims of discrimination or retaliation outside of the causes of discrimination checked on the Charge would not be properly before this Court and must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for a failure to exhaust administrative remedies.

Further, Plaintiff was not required to file a Charge of Discrimination in order to proceed on his claims under the Missouri Whistleblower's Protection Act.  Indeed, there is no condition precedent in MO. REV. STAT. § 285.575 that requires Plaintiff to first file a verified complaint with the Missouri Commission on Human Rights within one hundred eighty days of the alleged retaliatory action to bring a claim under the Missouri Whistleblower's Protection Act.  Thus, Defendant filed its Motion to Dismiss out of abundance of caution with regard to Plaintiff's Petition insofar as it asserts claims other than a claim under the Missouri Whistleblower's Protection Act.

### IV. CONCLUSION

Plaintiff is barred from bringing any claims against Defendant with regard to alleged discriminatory or retaliatory conduct related to any protected class, as Plaintiff did not assert such claims in his Charge of Discrimination.  Accordingly, dismissal is proper under Federal Rule of Civil Procedure 12(b)(1), as Plaintiff failed to exhaust his administrative remedies with

respect to any claims other than Plaintiff's alleged Missouri Whistleblower's Protection Act claim.

Respectfully submitted,

*/s/ Harry W. Wellford, Jr.*
Harry W. Wellford, Jr., #32305MO
Ashley A. Diaz #67335MO
LITTLER MENDELSON, P.C.
211 North Broadway, Suite 1500
St. Louis, MO  63102
Telephone: 314.659.2000
Facsimile: 314.659.2099
hwellford@littler.com
aadiaz@littler.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system to be served by operation of the Court's electronic filing system upon the following:

Vincent A. Banks, III
800 Washington Avenue, Ste. 134
St. Louis, MO 63101
Telephone: 314.409.7920
Facsimile: 314.241.5298
vbesquire@sbcglobal.net

Pari Sheth
7750 Clayton Road, Ste. 102
St. Louis, MO 63105
Telephone: 314.567.2010
Facsimile: 314.754.9874
pari@parisheth.com

*Attorneys for Plaintiff*

/s/ *Harry W. Wellford, Jr.*

Firmwide:154388671.2 060893.1042