IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **SUBASH THAYYULLATHIL,** | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| vs. | **)** | Case No.:  4:18-cv-692-RLW |
| | **)** | |
| **INFOSYS LIMITED,** | **)** | |
| | **)** | |
| Defendant. | **)** | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Infosys Limited ("Defendant"), and for its Answer and Affirmative Defenses, states as follows:

**1.     Plaintiff is a resident of St. Louis County, Missouri.**

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Petition and therefore, denies the same.

**2.     Defendant is a foreign corporation doing business in St. Louis County, Missouri and the claim arose in St. Louis County, Missouri.**

**ANSWER:**  Defendant denies that a claim exists in this matter, as alleged in Paragraph 2 of Plaintiff's Petition.  Defendant admits the remaining allegations contained in Paragraph 2 of Plaintiff's Petition.

**3.     Venue is proper pursuant to R.S.Mo. § 508.010.4.**

**ANSWER:**  Paragraph 3 of Plaintiff's Petition calls for a legal conclusion and therefore, no response is required.

**4.     Defendant is an employer within the meaning of the Missouri Human Rights Act, R.S.Mo. § 213.010(7) in that Defendant employs six (6) or more persons in the State of Missouri.**

**ANSWER:**  Paragraph 4 of Plaintiff's Petition calls for a legal conclusion and therefore, no response is required.

**5.**      **Plaintiff was hired by Defendant in April 2000 and worked as an onsite project lead working closely with customer Project Manager and Customer Technical Team until his termination August 31, 2017.**

**ANSWER:**  Defendant admits that Plaintiff was hired in April 2000 and terminated on August 31, 2017.   Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Petition.

**6.**      **While working at an onsite customer location, I noticed that Defendant was sending people from India under Business Visa "B1" to work in the United States for completing project activities which should not be performed under Business Visa B1 but work visa L1B or H1B.**

**ANSWER:**  Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Petition.

**7.**      **In September 2016, I discussed this matter with Defendant and subsequently requested to get proper work visas for the persons needing to travel and work in the United States and that Defendant initiate the processing of L1B visas which is a valid visa to legally work in the United States.**

**ANSWER:**  Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Petition.

**8.**      **In February 2017, Defendant again failed to procure L1B or H1B work visa on time and sent an employee to the United States on a B1 business visa.**

**ANSWER:**  Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Petition.

**9.**      **In February 2017, Plaintiff again discussed with Defendant the violation 18 U.S.C. § 1546 and potential consequences of having people travel and work on B1 rather than the required L1B or H1B.**

**ANSWER:**  Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Petition.

10.     In February 2017, Defendant acknowledged the existence of an internal process but failed to process the L1B on time.

ANSWER:  Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Petition.

11.     In February 2017, Plaintiff suggested to Defendant that time was still available for Defendant to initiate a H1B visa for the person needing to travel to the United States in 2017.

ANSWER:  Defendant admits that Plaintiff requested an invitation letter from Defendant in February 2017 to be used in connection with an H-1B Petition for an individual.  Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 11 of Plaintiff's Petition and therefore, denies the same.

12.     Plaintiff followed up with the customer to get an invitation letter so that the H1B visa can be initiated by Defendant but again, Defendant failed to process the H1B on time.

ANSWER:  Defendant is without sufficient information to admit or deny the allegation that Plaintiff "followed up with the customer" and therefore, denies the same.  Defendant denies the remaining allegations contained in Paragraph 12.

13.     Upon learning that the H1B visa was not initiated, Plaintiff discussed with Defendant the project was at risk because of fraud and/or misuse of visas.

ANSWER:  Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Petition.

14.     Defendant negatively reacted to Plaintiff identifying the fraud and/or misuse of visas as a risk to the project and expressed Defendant's desire to obtain greater profit on the work performed.

ANSWER:  Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Petition.

15.     In April 2017, Plaintiff again raised concerns with Defendant on the fraud and/or misuse of visas as a risk to the project.

3

**ANSWER:**   Defendant denies the allegations contained in Paragraph 15 of Plaintiff's

Petition.

**16.      In May 2017, while in the middle of a project and following Plaintiff's recent alarms regarding legal visas, Plaintiff was told by Defendant to relocate to India within two (2) weeks for no given reason.**

**ANSWER:**   Defendant admits that Plaintiff was originally told in May 2017 to relocate

to India within two weeks, and that Plaintiff was working on a project at the time he was told.

Defendant denies that Plaintiff was not given a reason for the decision to relocate him to India.

Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Petition.

**17.      Plaintiff ceased working on the project at the customer site on May 26, 2017.**

**ANSWER:**   Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 17 of Plaintiff's Petition and therefore, denies the same.

**18.      Due to personal constraints, Plaintiff was unable to relocate India on such short notice and took paid leave for a few weeks.**

**ANSWER:**   Defendant admits the allegations contained in Paragraph 18 of Plaintiff's

Petition.

**19.      Plaintiff learned of another instance of visa fraud/misuse after being forced off the project in June 2017.**

**ANSWER:**   Defendant denies the allegations contained in Paragraph 19 of Plaintiff's

Petition.

**20.      Defendant's edict that after six (6) years in the United States, Plaintiff and his family must relocate to India, caused Plaintiff to suffer emotional distress requiring Plaintiff to take four (4) weeks FMLA leave on the advice of his primary care physician in July 2017.**

**ANSWER:**   Defendant admits that it informed Plaintiff to return to India and that

Plaintiff took four weeks of FMLA leave.  Defendant is without sufficient information to admit

4

or deny the remaining allegations contained in Paragraph 20 of Plaintiff's Petition and therefore,

denies the same.

      **21.    Plaintiff returned from FMLA leave in August 2017.**

      **ANSWER:**  Defendant admits the allegations contained in Paragraph 21 of Plaintiff's

Petition.

      **22.    Plaintiff filed a written complaint under Defendant's whistleblower policy on August 25, 2017, detailing the visa fraud/misuse.**

      **ANSWER:**  Defendant admits that Plaintiff filed a written complaint pursuant to

Defendant's whistleblower policy on August 25, 2017.  Defendant denies the remaining

allegations contained in Paragraph 22 of Plaintiff's Petition.

      **23.    That on August 31, 2017, Defendant terminated Plaintiff's employment.**

      **ANSWER:**  Defendant admits the allegations contained in Paragraph 23 of Plaintiff's

Petition.

      **24.    That Plaintiff's termination by Defendant was in retaliation for repeatedly expressing concerns to Defendant about the visa fraud/misuse in violation of U.S. law in violation of the Missouri Human Rights Act § 213.055, et seq.,**

      **ANSWER:**  Defendant denies the allegations contained in Paragraph 24 of Plaintiff's

Petition.

      **25.    That Plaintiff's termination by Defendant was in retaliation for repeatedly expressing concerns to Defendant about the visa fraud/misuse in violation of R.S.Mo. § 285.575.**

      **ANSWER:**  Defendant denies the allegations contained in Paragraph 25 of Plaintiff's

Petition.

      **26.    That on or about October 26, 2017, Plaintiff filed a charge of retaliation discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC 560-2018-00171.**

**ANSWER:** Defendant admits the allegations contained in Paragraph 26 of Plaintiff's

Petition.

**27.     That on January 31, 2018, Plaintiff was notified by the EEOC that he may institute a civil action against Defendant.**

**ANSWER:** Defendant admits the allegations contained in Paragraph 27 of Plaintiff's

Petition.

**28.     That Plaintiff has exhausted his administrative remedies.**

**ANSWER:** Paragraph 28 of Plaintiff's Petition calls for a legal conclusion and therefore,

no response is required.

**29.     That Defendant intentionally engaged in an unlawful employment practice, in violation of the Missouri Human Rights Act, Chapter 213 et seq., as amended and R.S.Mo. § 285.575.**

**ANSWER:** Defendant denies that it engaged in unlawful employment practices, and

therefore denies the allegations contained in Paragraph 29 of Plaintiff's Petition.

**30.     As a direct and proximate result of Defendant's conduct, Plaintiff has lost, and will continue to lose, compensation and benefits of employment and has and will continue to suffer emotional pain, humiliation, embarrassment, mental anguish and loss of enjoyment of life, unless equitable relief is granted.**

**ANSWER:** Defendant denies the allegations contained in Paragraph 30 of Plaintiff's

Petition.

**31.     Defendant's actions were intentional, willful, wanton, malicious and/or outrageous because of their evil motive and/or reckless indifference to the rights of Plaintiff under the MHRA, entitling Plaintiff to punitive damages.**

**ANSWER:** Defendant denies the allegations contained in Paragraph 31 of Plaintiff's

Petition.

**32.     As a result of Defendant's unlawful employment practices, Plaintiff has incurred and will continue to incur reasonable attorney's fees and costs in connection with this matter.**

**ANSWER:**   Defendant denies that it engaged in unlawful employment practices, and therefore denies the allegations contained in Paragraph 32 of Plaintiff's Petition.

WHEREFORE having fully answered Plaintiff's Petition, Defendant respectfully requests that this Court dismiss Plaintiff's Petition with prejudice, enter judgment in Defendant's favor, award Defendant its attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES AND OTHER RESPONSES**

As separate and distinct affirmative defenses, Defendant alleges the following:

1.      Defendant denies all allegations not specifically admitted herein.

2.      Defendant denies that it engaged in any wrongful conduct and denies that Plaintiff is entitled to any legal or equitable relief.

3.      Defendant had legitimate business reasons for its decisions and would have made the same decisions in the absence of Plaintiff's alleged protected activities.

4.      Plaintiff's claims are barred, in whole or in part, because Defendant had legitimate, non-discriminatory and/or non-retaliatory reasons for its decisions and made them in the good faith exercise of reasonable business judgment.

5.      Defendant states that any actions it took with respect to Plaintiff were for reasons other than Plaintiff's alleged protected activities.

6.      Plaintiff did not suffer any alleged adverse employment action because of any protected activity he allegedly engaged in.

7.      Plaintiff is not a "protected person" as defined by MO. REV. STAT. § 285.575.2(4), and thus, he has not stated a claim under the Whistleblower's Protection Act.

8.      Plaintiff's claims are barred, in whole or in part, because he caused all or part of his damages, if any, and/or failed to mitigate his damages.  Defendant states that Plaintiff may

7

have failed to engage in an adequate job search when comparable jobs were available in the marketplace, and failed to obtain and maintain comparable employment to limit his alleged damages.

9.      Defendant has well-publicized and widely-disseminated policies regarding retaliation and it enforces these policies, and the policies provide multiple avenues through which employees may report such conduct.  Accordingly, Defendant is insulated from any claim based upon constructive knowledge of any allegedly retaliatory conduct.

10.     Defendant denies any of its employees or agents, acting within the course and scope of their employment or agency, violated any statute or caused damage or injury to Plaintiff.

11.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, waiver and/or estoppel.

12.     Defendant acted in good faith to comply with all applicable laws and any alleged retaliation or wrongdoing is contrary to Defendant's good-faith efforts.

13.     Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual or punitive damages.

14.     Plaintiff's request for punitive damages is specifically barred by the Whistleblower's Protection Act, and Plaintiff's Petition fails to state facts sufficient to provide a legal or factual basis to award liquidated damages to Plaintiff.

15.     Plaintiff's claims are barred, in whole or in part, because at all material times, Defendant acted reasonably, in good faith without malice based upon all relevant facts and circumstances known by Defendant at the time, and Defendant did not at any time willfully or negligently fail to comply with applicable law.

16.     Defendant is entitled to all credits and offsets for whatever damages Plaintiff has incurred, if any, for the amount of wages and benefits earned, and any other credits and offsets permitted.

17.     Defendant reserves the right to plead and/or assert any additional affirmative defenses to Plaintiff's claim(s) that become evident through the course of discovery.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant respectfully requests this Court dismiss Plaintiff's Petition in its entirety, grant Defendant its attorneys' fees and costs herein expended, and for such other and further relief, as the Court deems just and proper.

Respectfully submitted,

*/s/ Harry W. Wellford, Jr.*
Harry W. Wellford, Jr., #32305MO
Ashley A. Diaz #67335MO
LITTLER MENDELSON, P.C.
211 North Broadway, Suite 1500
St. Louis, MO  63102
Telephone: 314.659.2000
Facsimile: 314.659.2099
hwellford@littler.com
aadiaz@littler.com

*Attorneys for Defendant*

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system to be served by operation of the Court's electronic filing system upon the following:

Vincent A. Banks, III
800 Washington Avenue, Ste. 134
St. Louis, MO 63101
Telephone: 314.409.7920
Facsimile: 314.241.5298
vbesquire@sbcglobal.net

Pari Sheth
7750 Clayton Road, Ste. 102
St. Louis, MO 63105
Telephone: 314.567.2010
Facsimile: 314.754.9874
pari@parisheth.com

*Attorneys for Plaintiff*

/s/ *Harry W. Wellford, Jr.*

Firmwide:154156143.4 060893.1042

10